**Harold Lee WILSON, Plaintiff–Appellant,**

v.

**Kathleen BECKER, et al., Defendants–Appellees.**

No. 02–2424.

United States Court of Appeals, Sixth Circuit.

June 20, 2003.

Before KENNEDY and COLE, Circuit Judges; and WILLIAMS, District Judge.*

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

*ORDER*

Harold Lee Wilson, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Wilson is an inmate incarcerated in the Oaks Correctional Facility ("OCF"). He files this action against the following OCF employees: Correctional Sergeant Kathleen Becker, Librarian William Harrison, and Warden David Gundy. Wilson alleges that an earlier civil rights action, that was dismissed for failure to exhaust administrative remedies, was caused by the conduct of defendants Becker, Harrison and Gundy in losing the necessary paperwork to demonstrate that he exhausted his claims in the earlier proceeding. Specifically, Wilson alleges that on May 22, 2002, he requested eight copies of each of 20 documents from the OCF library, indicating that the copies were necessary for a pending legal action. On May 23, 2002, an institutional debt was placed on Wilson's inmate account to pay for those copies. On May 29, 2002, Wilson was advised by another prisoner that the copies he had requested had been delivered to a different prisoner. On May 30, 2002, Wilson asked the first shift sergeant to retrieve those copies and deliver them to him immediately. Wilson alleges that the documents were delivered to him that same day, as requested. He asserts, however, that all originals were missing and that 14 copies had been made of six pages, with no copies of the remaining 14 pages. The cover form for the requested copies included clear indication of the name, number and locker of the prisoner to whom the copies were to be delivered, but the receipt was signed by a different prisoner. Wilson alleges that he was denied his First Amendment right of access to the court's by the defendants' conduct. He further alleges that defendant Gundy's conduct is retaliatory because Gundy was a named defendant in the earlier lawsuit. Wilson sought declaratory, injunctive, and monetary relief.

The district court noted Wilson's failure to exhaust his administrative remedies with respect to his current claims but, nonetheless, dismissed the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A and 42 U.S.C. § 1997e(c). This timely appeal followed.

Upon de novo review, we conclude that the district court properly dismissed the complaint for failure to state a claim. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). Wilson's access to the courts claim is without merit. To demonstrate that the defendants' actions have impacted his access to the courts, Wilson must show that he suffered some actual prejudice in prosecuting litigation. *See Lewis v. Casey,* 518 U.S. 343, 352–53, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Wilson has not made this showing. Wilson's retaliation claim against defendant Gundy lacks merit because his conclusory allegations are not sufficient to show that Gundy was motivated by the exercise of Wilson's First Amendment rights. *See Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir. 1999); *Kensu v. Haigh,* 87 F.3d 172, 175 (6th Cir.1996).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.